**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**PETRA YOUNGQUIST,**

    **Plaintiff,**

**v.**                                                       **No. 15-cv-0077 BRB/SMV**

**BOARD OF COUNTY COMMISSIONERS**
**FOR CURRY COUNTY, LANCE PYLE,**
**TORI SANDOVAL, ROBERT SANDOVAL,**
**BEN McDANIEL, FRANK BLACKBURN,**
**WENDELL BOSTWICK, TIM L. ASHLEY,**
**BRITTANY HARRISON, and NICOLE STUART,** [1]

    **Defendants.** [2]

## REVISED INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism are required of counsel. Counsel must read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or pro se, must "meet and confer" no later than **March 10, 2016**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). At the meet-and-confer session, the parties must discuss: (1) the nature and bases of their claims and defenses; (2) the possibility of a prompt resolution or settlement; (3) making or arranging for

---

[1] Since the Complaint was filed, Defendant Brittany Harrison has changed her surname to Chavez. [Doc. 5] at 1.

[2] The Honorable Bobby R. Baldock, United States Circuit Judge (sitting by designation), granted Defendants' Partial Motion to Dismiss on February 9, 2016. [Doc. 24]. The only remaining claims include the § 1983 claim in Count I against Harrison and Stuart in their individual capacities and the state-law tort claims in Count IV.

complete initial disclosures as required by Rule 26(a)(1); (4) preserving discoverable information; and, (5) the formulation of a provisional discovery plan.  Fed. R. Civ. P. 26(a)(1), (f).  In formulating a provisional discovery plan, counsel and pro se parties should meaningfully discuss: (i) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues; (ii) the disclosure, discovery, and preservation of electronically stored information, including the form(s) in which it should be produced; (iii) any claims of privilege or confidentiality of materials, including exploring whether the parties can agree on a procedure to assert these claims and whether they will ask the Court to include any agreement in an order; (iv) whether any changes should be sought to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules; and (v) the facts and the law governing the case to which the parties are willing to stipulate.

Pursuant to Rule 26(d)(2), the parties may deliver discovery requests under Rule 34 prior to the meet-and-confer date, however those requests are not considered to have been served until the first meet-and-confer session.

Initial disclosures under Rule 26(a)(1) must be made within 21 days of the meet-and-confer session, unless a different time is set by stipulation or court order.  The parties are advised to strictly follow the letter and spirit of Rule 26(a)(1) in preparing their initial disclosures.  Initial disclosures are intended to accelerate the exchange of core information about the case and eliminate the need for formal discovery at the early stages of litigation.  *See* Fed. R. Civ. P. 26(a)(1) 1993 advisory committee's notes.  The parties must meet these objectives in

making their initial disclosures and should be prepared to explain how they have fully complied with their obligations under Rule 26(a)(1) at the Rule 16 initial scheduling conference.

The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"), following the sample JSR available at the Court's web site. The parties are to fill in the blanks for proposed dates, bearing in mind that the time allowed for discovery is generally 120 to 180 days from the date of the Rule 16 initial scheduling conference. Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **March 24, 2016**.

The Court will determine actual case management deadlines after considering the parties' requests. Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the Scheduling Order.

A Rule 16 initial scheduling conference will be held by telephone on **April 20, 2016, at 9:30 a.m.** Parties shall call Judge Vidmar's "Meet Me" line at **505-348-2357** to be connected to the proceedings.[3] At the conference, counsel and any pro se parties must be prepared to discuss their JSR, all claims and defenses, initial disclosures, discovery requests and scheduling, issues relating to the disclosure, discovery, and preservation of electronically stored information, the timing of expert disclosures and reports under Rule 26(a)(2),[4] and the use of scientific evidence

---

[3] The "Meet Me" line accepts no more than five incoming telephone lines at a time. Counsel shall coordinate with each other *prior to the conference* to ensure that no more than five incoming telephone lines are utilized.

[4] In preparing the JSR, counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

and whether it is anticipated that a *Daubert*[5] hearing will be needed. We will also discuss settlement prospects and, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Lead counsel and parties appearing pro se must participate unless excused by the Court. Parties represented by counsel need not attend.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Meet and Confer by:** | **March 10, 2016** |
| **JSR filed by:** | **March 24, 2016** |
| **Initial Disclosures due within 21 days of the meet-and-confer session, but in no event later than:** | **March 31, 2016** |
| **Telephonic Rule 16 Initial Scheduling Conference:** | **April 20, 2016, 9:30 a.m.** |

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[5] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993).